IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JANICE MADDEN, Administratrix of
the Estate of JAMES MADDEN, Deceased                      PLAINTIFF

VERSUS                           CIVIL ACTION NO. 2:06-CV-186-WKW

TMA FOREST PRODUCTS GROUP; et al.                        DEFENDANTS

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO REMAND

Plaintiff in the above-styled cause moves the Court for entry of an order remanding this cause to the Circuit Court of Covington County, Alabama, and respectfully submits this memorandum in support of that motion. The Plaintiff shows and represents:

1.  That the Plaintiff filed this action in the Circuit Court of Covington County, Alabama on January 30, 2006, and the Defendants thereafter removed the case to this Court.

2.  The Defendants allege that removal is proper based upon diversity of citizenship under 28 U.S.C. 1332, alleging that the non-diverse Defendant, D&D Lumber Company, Inc. d/b/a Lockhart Lumber Company,

is fraudulently joined because "D&D Lumber or Lockhart Lumber, therefore, could not possibly have owned or operated the facility – they did not exist before PACTIV's predecessor owned the facility."  (¶17, p.6, Notice of Removal dated February 28, 2006)

3.    This motion is made timely under 28 U.S.C. 1447(c) because the Plaintiff does not allege any defect in the Defendants' removal petition other than the lack of subject matter jurisdiction.

### Basis of Motion

4.    Both Louisiana-Pacific and PACTIV state in their removal petition that Plaintiff has no possible claim against D&D Lumber or Lockhart Lumber Company because Lockhart Lumber never owned or operated the facility. Defendants state that the non-diverse Defendants did not even exist until after PACTIV's predecessor operating the wood treatment mill.  (Notice of Removal, ¶14.) Defendants state that PACTIV's predecessor, TMA, acquired the facility under an agreement dated December 15, 1977, which closed on January 19, 1978; so that Plaintiff's allegation that D&D Lumber a/k/a Lockhart Lumber Company relinquished ownership and control of the facility on or about March, 1979, was an error.  (Notice of Removal, ¶18.)  Based upon Defendants' representation of the facts it would appear that Plaintiff's had improperly joined D&D Lumber and Lockhart Lumber Company, so that the removal was proper.  The conveyance to PACTIV is a matter known to

Defendants; but, resolving doubts in favor of the Plaintiff, Lockhart Lumber Company did exist and operated the facility prior to PACTIV. Records of the Alabama Secretary of State indicate that Lockhart Lumber Company, Inc., has existed since 1958 and that it was merged into D&D Lumber in 1978. The courts may take notice of public records at the motion to dismiss stage. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271 (11th Cir. 1999).

5. Defendants assertions, which oppose public records, are as follows:

> 16.
>
> Pactiv's predecessor already owned and operated the Facility by November 13, 1978, the date D & D Lumber and Lockhart Lumber first existed.. Pactiv's predecessor acquired the Facility under an agreement dated December 15, 1977, which subsequently closed on January 19, 1978. *See* Declaration of Lisa Greuel (attached hereto as Exhibit C).
>
> 17.
>
> D & D Lumber or Lockhart Lumber, therefore, could not possibly have owned or operated the Facility—they did not exist before Pactiv's predecessor owned the Facility. Accordingly, Plaintiffs have no possible claim against D & D Lumber or Lockhart Lumber.

The public record is:



**CORPORATE DETAILS**
Office of the Secretary of State
State of Alabama

Corporation                                                    D/C 721-043
  Legal Name:    Lockhart Lumber Company, Inc.
  Place Of Inc:  Covington County
  Date Of Inc.:  05-30-1958  Merged.: 11-01-1978
  Merged Into..: D & D Lumber Company, Inc.
  Reg Agent....: * Not On Data Base
  Prin Address:  LOCKHART, AL
  Capital Amt..: $125,000 Authorized  $25,000 Paid In
  Nat Of Bus..:  MFG PULPWOOD, WOOD CHIPS, PAPER WOOD, ETC
  Names Of Inc:  JACKSON, C H
                 LITTLE, GROVER S
                 DIXON, SOLON
                 DIXON, CHARLES

Corporation                                                    D/C 054-257
  Legal Name:    D & D Lumber Company, Inc.
  Place Of Inc:  Montgomery County
  Date Of Inc.:  11-13-1978
  Reg Agent....: * Not On Data Base

6.     Documents obtained from the Alabama Air Pollution Control Commission show that representations that Defendants made to this Court are not accurate. Exhibits A-1, A-2 and A-3 indicate that Lockhart Lumber Company, Inc., was operating the facility prior to December 8, 1972. A December 8, 1972, letter to Mr. Ashton Wells of the Alabama State Department of Public Health was on Lockhart Lumber Company letterhead and was signed as follows:



Exhibit B (attached) shows that PACTIV, through their predecessor TMA, informed regulators of the completion of ownership and title documents necessary to transfer the facility on March 5, 1979. To say the least, there is certainly a possibility that Lockhart Lumber Company was engaged in ownership or operation of the facility prior to operation by PACTIV's predecessor. Defendants do not allege, nor do they attempt to show, that Lockhart Lumber Company, Inc., or D&D Lumber are diverse Defendants.

7. There is one explanation of the Defendants' argument which does not amount to a misrepresentation. If the original Lockhart Lumber Company, Inc., and the original D&D Lumber, Inc., are also PACTIV's predecessors, and if the companies formed in 1978 were formed after their namesakes merged into PACTIV's predecessors, then the present companies which have the same names and ownership as PACTIV's predecessors did not exist before PACTIV, then its predecessors, began operation of the Lockhart facility. If the present Lockhart Lumber was created as a decoy after the original company was acquired by PACTIV's predecessor, they need to just reveal that they are responsible for operation of the facility back to 1958.

## Removal Jurisdiction

8. In a removal case alleging fraudulent joinder, the removing party has the burden of proving either that there is no possibility that the plaintiff can establish a cause of action against a resident defendant, or that the plaintiff has fraudulently plead jurisdictional facts to bring the resident defendant into state court. *Crowe v. Coleman*, 113 F.3d 1536 (11th Cir. 1997). The Defendants concede that their removal petition requires proof that Plaintiff has no possibility of maintaining a cause of action against either non-diverse Defendant, D&D Lumber, Inc. or Lockhart Lumber Company. The burden of establishing fraudulent joinder is a heavy one. Where a plaintiff states even a colorable claim against a resident defendant,

joinder is proper and the case should be remanded. *Pachecode Perez v. AT&T Co.*, 139 F.3d 1368 (11th Cir. 1998).

9. When determining whether Defendants have been fraudulently joined, the Court is obligated to evaluate all factual issues and substantive law in favor of the Plaintiff. *Cohen v. Amoco Oil Co.*, 709 F.2d 1433 (11th Cir. 1983). If there is any possibility that a State Court would find that the Complaint states a cause of action against a Defendant, the Federal Court must find the joinder proper and remand the case to State Court. *Nabors v. Transouth Financial Corp.*, 928 F.Supp 1085 (M.D. Ala. 1996). *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994).

### Common Defense Doctrine

10. The Defendants also argue that Plaintiff could not possibly prevail against Lockhart Lumber because the statute of limitations has expired <u>and</u> that this same defense applies to them. Under the "common defense rule" this case should be remanded. In the recent case of *Poole v. American International Group, Inc.*, 414 F.Supp.2d 1111 (M.D. Ala. 2006), Judge Thompson set out the history and the applicability of the "common defense rule."

> While the Eleventh Circuit has not reached this issue, other circuits, relying on <u>Chesapeake & O.R.</u>

> *Co. v. Cockrell*, 232 U.S. 146, 34 S.Ct. 278, 58 L.Ed. 544 (1914), have applied a "common defense rule" to fraudulent-joinder claims such that when a defense to liability is common to diverse and non-diverse defendants, fraudulent joinder is not found. *See e.g.*, *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108 (3rd Cir. 1990), *cert. denied*, 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991); *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568 (5th Cor. 2004), (en banc), *cert. denied*, - - - U.S. - - -, 125 S.Ct. 1825, 161 L.Ed.2d 755 (2005). Additionally, this court has found the same in *Wright v. Metropolitan Life Ins. Co.*, 74 F.Supp.2d 1150, 1154-55 (M.D. Ala. 1999) (Thompson, J.); *see also In re New England Mut. Life Ins. Co. Sales Practices Litig.*, 324 F.Supp.2d 288 (D.Mass. 2004) (Keeton, J.)
>
> These courts reason that common defenses are actually attacks on the merits of the entire case since they undermine the claims against the diverse and non-diverse defendants alike. Where "the improper joinder allegation [ ] directed at the [non-diverse] employees 'manifestly [goes] to the merits of the action as an entirety, and not to the joinder,'" "there is no fraudulent joinder, *Smallwood*, 385 F.3d at 575 (quoting *Chesapeake*, 232 U.S. at 153, 34 S.Ct. 278); rather," 'it indicate[s] that the plaintiff's case [is] ill founded as to all the defendants.'" *Id.* A court should avoid the "risk of moving ... beyond **jurisdiction** and into a resolution of the merits." *Id. at 574*. Therefore, because the common defenses are not unique to the non-**diverse** individuals were joined. *Wright*, 74 F.Supp.2d at 1155.

414 F.Supp.2d 1111 (M.D. Ala. 2006).

11.     When the defense of the diverse defendants is the same as the purported reason for fraudulent joinder, the case should be remanded because of the inescapable conclusion that the joinder was made in good faith.

## Statute of Limitations Argument

12.     Issues regarding the statute of limitations should be resolved in Plaintiff's favor because Plaintiff suffered continuous exposure to airborne dust and toxic chemicals which continued to blow and migrate into the environment after operations ceased <u>and</u> also because Federal Law controls determination of the date of accrual of actions resulting from environmental exposure.  "In the case of any action brought under State Law for personal injury, or property damage, which caused or contributed to by exposure to any hazardous substance, or pollutant or contaminant, released into the environment from a facility, if the applicable limitations period for such action (as specified in the State Statute of Limitations or under common law) provides a commencement date which is earlier than the Federal required commencement date, such period shall commence at the Federal commencement date in lieu of the date specified in the State Statute. "42 U.S.C. 9658(a)(1). The federally mandated commencement date determines when the statute of limitations begins to run and is "the date the plaintiff knew (or reasonably should have known) that the personal injury or property damage referred to in subsection (a)(1) were caused or contributed to by

the hazardous substance or pollutant or contaminant concerned." 42 U.S.C. 9658(b)(4)(A). The Alabama Statute of Repose and Statute of Limitations arguably may apply to exposures which occur in the course of employment or in confined spaces, but the federally mandated rule of § 9658 applies when hazardous and toxic chemicals are released from a facility into the environment. Plaintiff claims exposure to chemicals which the United States Environmental Protection Agency has determined are known carcinogens. As plead in paragraph 99 of the complaint, Plaintiff's cause of action did not accrue and they could not have possibly brought a cause of action for their personal injuries before the cancer was diagnosed and its cause determined. The Eleventh Circuit has addressed a very similar case. This action was filed timely as to all Defendants, *Tucker v. Southern Wood Piedmont Co.*, 28 F.3d 1089 (11th Cir., Georgia, 1994).

    13. The statute of limitations defense would even fail under state law. The toxic dust and hazardous chemicals spread across the ground that emanated from Defendants' facility continued to migrate after the facility ceased operation and continues to blow into Plaintiff's home even today (see paragraph 90 of Plaintiff's Complaint). Defendants cite an Alabama case which addresses the petroleum production exemption provision of CERCLA. Petroleum production is expressly exempted from CERCLA so that the accrual of actions rule would not apply to cases of contamination from petroleum production, *Morgan v. Exxon,* 869 So.2d 446 (Ala. 2003), nor

would CERCLA apply to exposure at work where there was no release into the environment. *Becton v. Rhone-Poulene, Inc.*, 706 So.2d 1134 (Ala. 1997). Contrary to Defendants' assertions, the Alabama Supreme Court has not rebuked CERCLA preemption of the determination of accrual of actions in environmental contamination cases nor does Alabama law fail to provide a remedy for continuing exposure to toxic chemicals.

## Conclusion

14. Courts are required to strictly resolve doubt as to removability in favor of remand, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). One reason for such a strict rule is that the appellate courts, even *sua sponte*, can examine the question of subject matter jurisdiction and if lacking, can render all of the court's decisions and orders null and void, *American Fire & Casualty v. Finn*, 341 U.S. 6 (1951). Removal is only proper when the Federal District Court had original jurisdiction of the State Court action, *Caterpillar v. Williams*, 482 U.S. 386, 391-92 (1987), *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809 (1986).

## Prayer for Relief

15. Because of the deference accorded Plaintiff's pleadings and the strict construction required to exercise removal jurisdiction, the Defendants have failed to meet their burden of proof and this cause is due to be remanded to the Circuit Court of Covington County, Alabama, from which

it was improvidently removed because this Honorable Court lacks jurisdiction.

 /s/ W. Eason Mitchell
W. EASON MITCHELL (MIT020)
The Colom Law Firm, LLC
Post Office Box 866
Columbus, MS 39703-0866
Telephone: 662-327-0903
Facsimile: 662-329-4832
emitchell@colom.com


 /s/ Gregory A. Cade
GREGORY A. CADE (CAD010)
Environmental Litigation Group
3529 Seventh Avenue South
Birmingham, AL  35222
Telephone: 205-328-9200
Facsimile: 205-328-9206
gregc@elglaw.com

## Certificate of Service

I, W. Eason Mitchell, hereby certify that on April 7, 2006, I electronically filed the foregoing *Memorandum in Support of Plaintiffs' Motion to Remand* with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

    H. Thomas Wells, Jr., Esq.
    John A. Earnhardt, Esq.
    Dennis R. Bailey, Esq.
    R. Austin Huffaker, Esq.

                                                  /s/ W. Eason Mitchell
                                                  W. Eason Mitchell

45572.wpd